IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:99-CV-03283-MDH |
| | ) | |
| RICHARD PERALES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 73). The Magistrate Judge recommends that Defendant's *pro se* Motion for the Statutory Semi-Annual Conditional Release Discharge Hearing Pursuant to 18 U.S.C. § 4247(h) and (g) (Doc. 72) be denied because under 18 U.S.C. 4247(h), such a motion must be filed by either his counsel or legal guardian. In his exceptions to the Report and Recommendation (Doc. 74), Defendant argues that 18 U.S.C. § 4247(h) is unconstitutional under the Sixth Amendment to the extent that it restricts his right to proceed *pro se* despite the fact that this is a civil, not criminal, matter. See *Faretta v. California*, 422 U.S. 806 (1975). Defendant alternatively argues that § 4247(h) conflicts with 28 U.S.C § 1654, which states "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as . . . permitted to manage and conduct causes therein" and that, because of the compelling liberty interests at stake, the more permissive statute should control.

The Eighth Circuit Court of Appeals faced the same two issues recently in *United States v. O'Laughlin*, Case No. 18-2473 (8th Cir. 2019). In that case, O'Laughlin, who was civilly committed under 18 U.S.C. § 4246, filed two *pro se* requests for hearings to petition for release.

1

This Court denied those requests because under 18 U.S.C. § 4247(h), they must be filed by his attorney or legal guardian. O'Laughlin appealed, arguing the same points used in the instant case. The Eighth Circuit Court of Appeals rejected his contentions and affirmed this Court. It held that "a civil commitment proceeding under § 4246 is not a criminal prosecution for purposes of the Sixth Amendment." *Id.* at 3. It also held that "the general rule of 28 U.S.C. § 1654 must give way to the specific requirement of 18 U.S.C. § 4247(h) that motions for release from civil commitment be filed by an attorney or legal guardian for the committed person." *Id.* See *RadLAX Gateway Hotel, LLC, v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).

This Court is bound by the opinions of the Eighth Circuit Court of Appeals. Consequently, Defendant's exceptions to the Report and Recommendation of the Magistrate Judge (Doc. 74) are **REJECTED**, the Report and Recommendation (Doc. 73) is **ADOPTED**, and Defendant's Motion (Doc. 72) is **DENIED**.

    **IT IS SO ORDERED**.


DATED: August 19, 2019

                                               */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**