IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 99-03283-CV-S-MDH ) |
| RICHARD PERALES | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant Richard Perales' pro se Motion to Be Unconditionally Released or Released to a State Hospital. (Doc. 89). Defendant claims the Government "has violated his civil and constitutional amendment rights by neglecting and failing to make every reasonable effort to get the state to take over his treatment and care as directed by 18 U.S.C. § 4246(d) not once since being committed." A Report and Recommendation (Doc. 91) has been submitted by the Magistrate Judge, Judge Rush.

Perales is in the custody of the BOP pursuant to a civil commitment under 18 U.S.C. § 4246. As a result, he is not authorized to personally file a motion to determine whether he should be discharged. *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (Section 4247(h) requires that "motions for release from civil commitment be filed by an attorney or legal guardian for the committed person"), *cert. denied*, 140 S. Ct. 2535 (Mar. 23, 2020). And, Perales has an attorney, who may file a motion requesting a discharge hearing, if appropriate.

Furthermore, the Report and Recommendation notes that Perales's conclusory assertions are contradicted by the record in this matter. In each of the last five years, the Government has filed reports indicating it has attempted to cause the State of Texas to assume responsibility for

Perales's custody, care and treatment as required by Section 4246(d), but the State of Texas has refused to do so. *See* Annual Risk Assessment dated Nov. 19, 2019 (Doc. 87-1 at 21) ("[d]uring the review period, Mr. Perales's referral to the Interstate Compact Coordinator in Texas was denied, meaning the state remained unwilling to accept responsibility for his custody, care, and treatment"); Risk Assessment dated Oct. 11, 2018 (Doc. 71-1 at 15) ("[d]uring the review period, Mr. Perales's referral to the Interstate Compact Coordinator in Texas was denied, meaning the state remained unwilling to accept responsibility for his custody, care, and treatment"); Risk Assessment dated Nov. 16, 2017 (Doc. 66-1 at 14) ("[d]uring the review period, Mr. Perales's referral to the Interstate Compact Coordinator in Texas was denied, meaning the state remained unwilling to accept responsibility for his custody, care, and treatment"); Annual Risk Assessment dated Nov. 3, 2016 (Doc. 60-1 at 33) ("Mr. Perales was referred to the Interstate Compact Coordinator and multiple nursing facilities in Texas; however, his applications for admission were denied"); Annual Risk Assessment dated Dec. 17, 2015 (Doc. 59-1 at 31) (Perales "was referred to the Interstate Compact Coordinator, the Texas Department of Criminal Justice Psychiatric Unit, and numerous nursing care facilities in Texas; however, he was denied acceptance by each of these placements").

It is recommended that this Motion be denied. The Report and Recommendation (Doc. 91) is hereby adopted, and Defendant's Motion to be Unconditionally Released or Released to a State Hospital (Doc. 89) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 6, 2021                                                */s/ Douglas Harpool*
                                                                        **DOUGLAS HARPOOL**
                                                                   **United States District Judge**