IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 99-03283-CV-S-MDH |
| | ) |
| RICHARD PERALES | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant Richard Perales' pro se Motion to Financially Compensate for Injuries Sustained Due to the Wrongful Forced Medication. (Doc. 90). A Report and Recommendation (Doc. 92) has been submitted by the Magistrate Judge, Judge Rush.

Perales is confined at the Federal Medical Center in Rochester, Minnesota pursuant to a civil commitment under 18 U.S.C. § 4246. In the motion, he names himself as Movant and "Dr. Jack Daniels, Chief Psychiatrist/United States of America" as Respondent. (Doc. 90 at 1.) He claims he "has been WRONGFULLY FORCED MEDICATED by the Orders of the respondent(s) to take the DANGEROUS and HARMFUL psycho-tropic drug Haldol and Seriquil," which he alleges has caused him various injuries. *Id*. at 1-2. Thus, pursuant to "Sell v USA, Title(s) 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1331," he requests a "financial compensatory AWARD of the sum of Ten Million dollars" in punitive damages for "VIOLATION of his CIVIL and CONSTITUTIONAL AMENDMENT RIGHTS" to due process under the Fifth, Eighth and Fourteenth Amendments and his "LIBERTY INTEREST to be FREE from ILLEGAL INTRUSIONS within his BODY." *Id*. at 2-3.

Perales does not challenge his underlying commitment, nor does he seek a remedy that would result in his release. Instead, he argues that the forced administration of medication has violated his civil and constitutional rights. As such, his claim relates only to the conditions of his confinement, and the proper remedy for such a challenge is for the confined person to bring a separate action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as the alleged violators are federal actors. *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014).

Furthermore, where the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, 28 U.S.C. § 1391(e) provides that the action may be brought in the judicial district where the defendant resides or where the events giving rise to the claim occurred. As a result, the proper venue for Perales's conditions of confinement claim appears to be the District of Minnesota, where he is confined and where the alleged violations occurred. And, where a case is filed laying venue in the wrong district, dismissal is appropriate. 28 U.S.C. § 1406(a).

It is recommended that this Motion be dismissed. The Report and Recommendation (Doc. 92) is hereby adopted, and Defendant's Motion to Financially Compensate for Injuries Sustained Due to the Wrongful Forced Medication (Doc. 90) is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: January 6, 2021   /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**