# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 99-03283-CV-S-MDH |
| | ) |
| RICHARD PERALES, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's pro se Application to Proceed Without Prepayment of Fees and Affidavit. (Doc. 99). Defendant has also filed a pro se Notice of Appeal (Doc. 100) and seeks leave to appeal in forma pauperis. Per Rule 24(a)(3) of the Federal Rules of Appellate Procedure, Defendant has prior approval to appeal in forma pauperis, as he was appointed counsel in the underlying commitment proceedings pursuant to the Criminal Justice Act based on his indigency. The Magistrate Judge reviewed the Notice of Appeal and recommends that this Court certify that the pro se Notice of Appeal (Doc. 100) is not taken in good faith. The Report and Recommendation is adopted, and its findings are incorporated herein.

First, Defendant intends to appeal this Court's January 4, 2021 Order (Doc. 94) denying the October 26, 2020 pro se Motion to Be Unconditionally Released or Released to a State Hospital (Doc. 89). Defendant is in the custody of the Bureau of Prisons pursuant to a civil commitment under 18 U.S.C. § 4246. This Court denied this Motion, because Defendant is not authorized to personally file a motion to determine whether he should be discharged. *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (Section 4247(h) requires that "motions for release

from civil commitment be filed by an attorney or legal guardian for the committed person"), *cert. denied*, 140 S. Ct. 2535 (Mar. 23, 2020). Therefore, this issue is frivolous, and any appeal of this issue is not taken in good faith.

Second, Defendant intends to appeal this Court's January 6, 2021 Order (Doc. 95) dismissing the October 26, 2020 pro se Motion to Financially Compensate for Injuries Sustained Due to the Wrongful Forced Medication (Doc. 90). Defendant is confined at the Federal Medical Center in Rochester, Minnesota and alleges in this Motion that the forced administration of medication at said facility violated his civil and constitutional rights. In response, this Court dismissed the Motion pursuant to 28 U.S.C. § 1406(a), because venue for such a claim would lie in the District of Minnesota, where Defendant is confined and where the alleged violations occurred. The Court further advised that the proper remedy for such a claim would be via a separate action in the District of Minnesota. Thus, as the dismissal was without prejudice for improper venue, this basis for appeal is also frivolous, and the appeal is not taken in good faith.

Third, Defendant intends to appeal the Order entered January 19, 2021. (Doc. 98) In said Order, it was found that the January 14, 2021 pro se Motion to Be Unconditionally Released or Released to a State Hospital (Doc. 97) was moot, because it was a duplicate filing of the Motion (Doc. 89) filed on October 26, 2020. As discussed above, this Court had already denied the earlier Motion as unauthorized. Therefore, an appeal of the Order finding the duplicate filing to be moot is frivolous and not taken in good faith.

In conclusion, this Court certifies that Defendant's pro se Notice of Appeal (Doc. 100) is not taken in good faith, pursuant to Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED.**

Dated: March 16, 2021  　　　　　　　　　　　　　　　　　*/s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**